The next case on our call, Agenda Number 3, Case Numbers 1, 2, 3, 9-0-1 and 9-0-2, People v. Smith. You may proceed, Counsel. May it please the Court, Counsel, I'm Assistant Attorney General Erin O'Connell on behalf of the people in this case. We would ask that this Court reverse the judgment of the Church District and reinstate both defendants' convictions for aggravated battery. The Appellate Court's judgment rested on a fundamental misapplication of the One Act, One Crime doctrine, which this Court recently reiterated in the case of People v. Coates. The analysis in that case makes clear that the starting point for the analysis under One Act, One Crime is the defendant's own actual conduct under the circumstances of the case. And in Coates, under Paragraph 14, this Court used the language, the question is whether two convictions are based on precisely the same physical act. And that was not the case here. Defendant's convictions for battery and robbery rested on two separate physical acts. And the State's theory has always been that there were two separate acts. The State's theory was initially set forth in the charges, which based the battery charges on the striking of the victim and the resulting bodily harm. The robbery charges were based separately on the taking of U.S. currency. The State's theory then at trial was that the two were based on separate acts. And the State actually proved the two crimes using separate evidence. The State proved, with respect to the taking underlying the robbery, that Defendant Smith walked away from the scene of the battery carrying something in his hands and it became clear that those were the victim's bank bags when those were found later on in the getaway vehicle. In addition, the State, through its arguments at trial, indicated that these two charges were based on separate physical conduct. Just to touch briefly on the Defendant's theory here, this Court never applied the one-act-one-crime doctrine to permit a defendant to escape responsibility for his own conduct by pointing to a hypothetical case. So defendants assert that the State could have proved both the battery and the robbery with just the plunge and without showing an actual taking. That, however, is not what happened under the actual conduct of this case, which again is the focus for the one-act-one-crime doctrine. This Court has to answer the question of whether these particular defendants committed two separate acts. And the answer to that question here is that they did. If the Court has no questions. Could you address the argument that your opponent raises, that the Court has dealt with robbery cases in the past in which the issues were the sufficiency of the evidence as to various elements. For example, the Smith case where a bomb threat was made to an employee, store employee, and then the employee took the money and left it outside in a phone booth and then returned back in. And later the defendant came and picked up the money. The argument was that that was not robbery under the statute because it was not a taking from the person or the presence of the store clerk. Or the Gaines case where the defendant said this is not robbery, the person dropped their money, and there was no evidence that the defendant picked up the money. Those seem to be the two cases that counsels rely on. Can you respond to those two cases? I would agree that the State could have proven the offense of robbery here without showing an actual taking. So the State could have presented the theory that once the victim parted with his bank bags, that constituted robbery. But that's not actually what happened under the facts here. And the question is not what is theoretically sufficient for the State to prove the crime. Instead it's what did the defendant do under the circumstances here. And whereas in some cases the robbery might be complete at that moment, in this case the defendant's conduct continued past that point of the victim being separated from the bags. The defendant then took the additional step, which was integral to the actual crime of robbery, of then picking up the bags and taking them away from the scene. So what defendant is attempting to do is to import that sufficiency analysis into the one-act-one-crime doctrine, but that misses the fundamental point of the one-act-one-crime doctrine, which is to look at the actual conduct of the defendant in this case and not what would have sufficed under a different set of facts. If the Court has no further questions, we would ask that this Court reinstate the defendant's convictions for aggravated battery. Seeing none, thank you. Eppley. May it please the Court, my name is Christopher Topaz on behalf of Stevie Smith and Jerry Brown. The State is right that we look at the defendant's own conduct, but we look at the defendant's conduct as it's associated with the elements or the definition of the crime. As Justice Tyson pointed out, this Court has been clear and consistent about what constitutes a robbery and at what point a robbery is complete. In Gaines, in Smith, in Dennis, this Court has said, quote, the offense of armed robbery is complete when force or threat of force causes the victim to part with possession or custody of property against his will. Once the victim has parted with the property, the robbery is complete. So any actions taken by the defendant after that point simply aren't part of the robbery. It's not part of the offense. It's not part of the one act, one crime analysis. What happens in a case such as this where the facts appear to show that there was, in fact, a taking? Unlike the Gaines case. There was a taking and there was a robbery. And we haven't challenged the sufficiency of the evidence here because there was a robbery. The issue is that the robbery was complete, and so now the State is trying to take acts that occurred after the robbery was complete and trying to carve up, for the first time on appeal, separate convictions. And that's something that this Court has never allowed. This Court, going back to King, all the way through Prespo and more recent cases, has said that you look to the defendant's particular conduct to determine whether there are separate acts. You also look at how the State has argued and charged its case in trial. The State never argued this sort of theory below that you could break this crime up into separate acts. The State has yet to identify a separate act, aside from the taking which occurred after the robbery, that would support a separate offense here. Can you explain to me what you mean? There's the punch, this elderly man, this poor guy. And that's sufficient for robbery alone? Yes, because that punch alone caused the victim to part with his property. And so it's similar to the cases that you cited, where the defendant is some active force that caused the victim to part with his property. At that point, the robbery was complete. In Gaines, the defendant argued that because the property may have been left at the scene, that wasn't the property. And this Court rejected that argument very firmly and said, it is not necessary that the defendant have picked up and carried off any of the bills in order for it to be robbery. Was there evidence that the blow delivered to the victim's ribs caused the victim to drop or part with the property? That's the only evidence of force in this case whatsoever. So if the State is going to sustain any conviction here, it has to be based on the evidence that Mr. Bertner was struck a single time. Right. And was there evidence in the record that that blow that hit the victim dropped the property after being hit? No specific evidence as to that, no. Because there were no eyewitnesses to the actual incident. There was no video footage of the actual incident. The State's theory was that there was this one punch, one shot, one shot to drop him to the ground that caused him to drop his bags. That was the State's theory of the robbery. And under the one-act-one-crime rule, it's clear that the State can't now try to use that same act to get a separate battery conviction. What the State's argument really is doing here is trying to transform the one-act-one-crime rule into sort of an elements-based rule. And we already have that with the lesser-included offense rule, where you do look at the elements of a crime and determine whether one can be subsumed in the other or not. Going back through King, this Court has always looked to the defendant's particular conduct. I'm not sure I understand your argument that this is trying to make this elements. They're saying that you're trying to make it elements. They're saying that they're focusing on what is the conduct. There was a punch. There was taking the money. That's the conduct that, although for a moment no one could see exactly what happened after the man fell, there was a taking, that there was conduct beyond the punch. And the State's argument as to that is based on the misapprehension of the robbery statute, that taking requires the defendant to physically carry away the money. Robbery doesn't. Robbery just requires the victim to park with their property. And when the force has caused the victim to park with his property, that's robbery. Under the State's theory, if the defendant hasn't parked with the property, excuse me, under the State's theory, if the defendant hasn't carried away the property, then it would be an attempt robbery. This Court has never held that. Smith, Gaines, Dennis, Dennis cites a case going back all the way to 1908 for this proposition that the defendant need not carry away the victim's property for a three robbery. So the State is essentially asking this Court to redefine robbery, to turn many robberies into merely attempt robberies. And so... How do we know in this case that the intent was to commit a robbery, not just to beat up an old man? Well, I think that you can infer the intent from the circumstances, but robbery is only a general intent crime. Robbery doesn't require a specific intent to take the property. This Court made that clear in Lewis. It just requires general intent knowledge. And in Smith and Gaines, you had pretty clear evidence that it was give me the money, give me the whatever it was. You don't have that here. Sure. Does that make a difference? I don't see how that's relevant at all when we're looking at the defendant's particular conduct with the one act, one crime rule. We look at particular acts of the defendant. So whatever intent there might be doesn't form a separate act for one act, one crime purposes. We look solely at the defendant's overt acts. And the only overt act that we have here that's associated with the elements or the definitions of the crimes is the sole punch to Mr. Berger. Anything, any carrying away of the money is part of his escape after the robbery was complete. So we don't look at that for the purposes of the one act crime rule. I'd also like to address Coates, a case the State heavily relies on. The Appellate Court ruled before and after Coates that there was a one act, one crime violation in this case. And that reasoning is sound because Coates has nothing to do with this case. Coates involves the possession of a gun and the possession of drugs. Under this Court's precedent, those are clearly two separate acts by the defendant that can support two separate crimes. This Court had done something similar in Almond, where it dealt with possession of a gun versus possession of a gun and ammunition. The courts said those were two separate acts. The argument in Coates was that we look to the crux, the essence, the gravamen of the crime to determine what we look at for one act, one crime purposes. And this Court correctly held that there's no such requirement in the one act, one crime rule. You simply look at the defendant's acts. The Appellate Court looked at Coates and agreed that we look at the defendant's acts and where the defendant committed but one act, it can support only one crime. And that's what we have here. The State, its argument, as I said, amounts to a redefinition of the crime of robbery. It would basically eviscerate the one act, one crime rule by saying, you know, robberies necessarily involve a force and a taking. Therefore, we can always look at two separate acts and cover up two separate convictions regardless of what the defendant's actual conduct was. Tell me again how the taking of the money fits in. You're saying that's not robbery. Taking the money, that the robbery was the punch. Taking the money is not robbery. Is it theft? It can be theft. Certainly taking the property of another with intent to commit the crime, that would be theft. But it's not necessarily the purposes of robbery. And we have 100 years of case law defining when robbery ends, when the crime of robbery is complete. So looking at the crime of robbery, the purposes of one act, one crime rule, and proving the case of robbery, it's not necessary that you carry out the money. If the defendant had run off at that point, that would probably still be a robbery because it caused him to part with his property. Thank you. If this court has no further questions, we ask you to affirm the judgment of the appellate court. And if this court disagrees, to at least remand for consideration of Mr. Brown's alternative argument in his briefs. Thank you. Thank you. Reply. Just very briefly, the defendant is attempting to analogize this to the sufficiency cases, but there's actually no case that applies the doctrine under one act, one crime that says the minute that the elements of a crime are theoretically met, the conduct of the defendant can no longer carry additional liability. So here the state could have proved that the robbery occurred, and to answer the question as to what the intent for the robbery was based on, it was based on the circumstances that the victim was targeted right outside of the bank, that he was at that time carrying the bank bags, and then with respect to Brown, the person who was in the car at the time, there was an additional prior act where he had done a very similar robbery. So that linked him to the overall plot to commit a robbery here. The state, however, has never stopped at the moment that the punch happened. It's continued to show that the defendants continued to act, and they took further acts. They picked up the bank bags, assuming they fell, or we don't even know for sure, it happened within sort of a black box because no one could actually see what was going on during the struggle. We don't know for sure whether he snatched the bags from his hands or if they fell to the ground. As the state indicated, however, that's not pivotal to the analysis because either way the defendant had to take some additional step to take possession of the property. And the defendant has freely conceded before this court that the defendants here did actually take physical possession of the property. His argument simply rests on the premise that it doesn't matter because the crimes were theoretically over at that point. That's just not the way that this court has ever applied the one-act-one-crime doctrine, and defendants' concession should lead this court to reverse and reinstate the battery convictions. Are you arguing that the use of force would simply mean taking without consent? So in this case, the use of force for the robbery was the physical force that also formed the basis for the battery. And that's the only act of physical force in this case. That we know of for sure. But Coates makes clear that the state can rely on a single act as an element of two different offenses. It just has to show an additional act to sustain the two convictions. So that was the element of force for the robbery, but then the state went on to show, as well, that there was an act of taking. Thank you. Thank you. Case numbers 123901 and 902 of Pupil v. Smith trial will be taken under advisement as agenda number three. Ms. O'Connell and Mr. Coates, thank you for your arguments this morning, and you are excused.